UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 14-9371-MWF(JCx)					Date:  February 10, 2015
Title:	Mohamed Rizk -v- Residential Credit Solutions, Inc. et al.

Present:	The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

    Deputy Clerk:                                    Court Reporter:
    Cheryl Wynn                                    Not Reported

    Attorneys Present for Plaintiff:          Attorneys Present for Defendant:
    None Present                                    None Present

**Proceedings (In Chambers):**   ORDER RE MOTIONS TO DISMISS [7, 9]

      Before the Court are two Motions to Dismiss filed by Defendants Bank of American, N.A. ("BANA") and Residential Credit Solutions, Inc. ("Residential"). Residential filed its Motion to Dismiss Complaint for Failure to State a Claim for Relief (the "Residential Motion") on December 11, 2014.  (Docket No. 7).  BANA filed its Motion to Dismiss Plaintiff's Complaint (the "BANA Motion") on December 12, 2014.  (Docket No. 9).  Plaintiff filed an Opposition to Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff's Complaint (the "BANA Opposition") and an Opposition to Defendant Residential Credit Solutions, Inc.'s Motion to Dismiss Plaintiff's Complaint (the "Residential Opposition") on January 16, 2015.  (Docket Nos. 15, 16).  Residential filed a Reply to Plaintiff's Opposition on January 26, 2015.  (Docket No. 19).  BANA filed a Reply in Support of Defendant's Motion to Dismiss Plaintiff's Complaint on January 26, 2015.  (Docket No. 18).

      The Court considered the papers submitted on the two motions and held a hearing on February 9, 2015.  For the foregoing reasons, the Court **GRANTS** BANA's Motion *without leave to amend*, and **GRANTS** *in part* and **DENIES** *in part* Residential's Motion *with leave to amend*.

**Background**

      Plaintiff filed a Complaint in the Ventura County Superior Court on October 31, 2014.  (Docket No. 1-1).  On December 5, 2014, Residential removed the action to this Court with the consent of BANA.  (Docket No. 1).  Plaintiff asserts four claims for

---

**CIVIL MINUTES—GENERAL**                                              1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 14-9371-MWF(JCx)                    Date:  February 10, 2015
Title:       Mohamed Rizk -v- Residential Credit Solutions, Inc. et al.

relief based on Residential and BANA's actions while servicing his mortgage. They are: (1) violation of the Real Estate Procedures Act, 12 U.S.C. 2605 ("RESPA"); (2) violation of California Business and Professions Code section 17200 et seq. ("UCL"); (3) violations of California's Homeowners Bill of Rights, California Civil Code section 2910 ("HBOR"); and (4) Declaratory and Injunctive Relief.

Plaintiff's claims all arise out of Defendants' actions in servicing his mortgage. In February 2007 Plaintiff executed a promissory note (the "Note") in favor of BANA for the amount of $900,000 secured by a Deed of Trust to finance his purchase of property in Moorpark, Calif. (the "Property") with his wife. (Complaint ¶ 12). BANA serviced his loan until it was transferred to Residential in March 2013.

The following facts are alleged in the Complaint when viewed in the light most favorable to Plaintiff:

Plaintiff and his wife separated in November 2012 and Plaintiff became concerned that he would not be able to make payments without her assistance. (*Id.* ¶ 13). He contacted BANA and requested a modification. He was informed that he could only apply for a modification once he was in default and so was advised to stop making payments. (*Id.*). On January 20, 2013, Plaintiff filed for divorce. A few days later he applied for a modification from BANA. (*Id.* ¶ 14).

According to the Complaint, Plaintiff followed up with BANA on May 5, 2013, but this date is probably a typographical error and Plaintiff meant March. (*Id.*) The subject of the follow-up was Plaintiff's modification; BANA reassured him that its approval was "only days away." (*Id.*). However, a few days later BANA told him that Residential would now be servicing of loan. (*Id.*). Residential informed him that it would not consider his BANA loan modification application and he should reapply. In April 2013, Plaintiff applied for a modification from Residential. In July 2013, he was approved for a modification based on both his and his wife's income. (*Id.* ¶ 16). Plaintiff told Residential that he could not use his wife's income to pay his mortgage; he was then told to reject the modification and reapply, which he did in September 2013. (*Id.*).

---

CIVIL MINUTES—GENERAL                                                                    2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 14-9371-MWF(JCx)         Date:  February 10, 2015
Title:     Mohamed Rizk *-v-* Residential Credit Solutions, Inc. et al.

      On November 6, 2013, Plaintiff received a Notice of Default and Intent to Accelerate on the Loan.  However, he was told by Residential that this was sent in error, that he should ignore it, and that he was presently being considered for a loan modification.  (*Id.* ¶ 17).  On November 11, 2013, Residential requested additional income verification information, which he provided.  (*Id.*).

      On January 5, 2014, Residential denied Plaintiff's loan modification application because he had insufficient income.  (*Id.* ¶ 18).  Plaintiff appealed the decision on January 23, 2014, and requested information as to the calculations used by Residential.  (*Id.*).  Plaintiff alleges that Residential did not respond to his appeal, but told him, on February 5, 2014, to reapply because his divorce constituted a material change and Residential would reconsider his income.  (*Id.*).

      In April, March, and May 2014, Residential asked Plaintiff to provide additional information such as pay stubs and his divorce decree which he submitted.  (*Id.* ¶ 19).  However, on May 20, 2014 Residential again declined Plaintiff's modification request.  In response, Plaintiff hired counsel who sent a letter appealing Residential decision.  (*Id.* ¶ 20).  On June 10, 2014 Plaintiff, again through counsel, sent a qualified written request ("QWR") under RESPA to both BANA and Residential.  (*Id.* ¶ 21).  Plaintiff did not receive a response from either and sent a second set of QWRs to BANA and Residential on July 24, 2014.

      On July 29, 2014, Plaintiff received notice from Residential that a trustee's sale was scheduled for August 25, 2014.  (*Id.* ¶ 23).  Plaintiff and his counsel made numerous phone calls to Residential and the firm handling the trustee's sale in August attempting to ascertain the status of his modification appeal and QWRs.  On August 6, 2014, Residential called Plaintiff and asked him to reapply for a loan modification while it processed his QWR, which Plaintiff did.  (*Id.* ¶ 24).  On August 13, 2014, however, Residential told Plaintiff that it had not received a QWR or a new loan modification application.  However, on August 18, 2014 Residential acknowledged receipt of the loan modification, but noted that it was missing signatures.  Plaintiff denies that any signatures were missing.  (*Id.* ¶ 24).

---

**CIVIL MINUTES—GENERAL**                      3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV 14-9371-MWF(JCx)						Date:  February 10, 2015
Title:     Mohamed Rizk -v- Residential Credit Solutions, Inc. et al.

On August 19, 2014, Plaintiff sent a demand letter to Residential and BANA demanding postponement of the foreclosure, a response to his QWRs and notified Defendants of their alleged violations of RESPA.  (*Id.* ¶ 25).  Plaintiff then filed the instant action.

Plaintiff alleges four claims for relief in his Complaint.  In his first claim for relief, Plaintiff alleges Defendants violated RESPA by failing to acknowledge receipt of, or respond to his QWRs, for failing to make corrections to Plaintiff's account as requested in his QWRs, and for furnishing adverse information to credit reporting agencies.  (*Id.* ¶ 40).  In his second claim for relief, Plaintiff alleges Defendants engaged in unlawful, unfair and deceptive business practices in violation of the UCL by their violations of RESPA, losing his documents, and violating the dual-tracking provisions of HBOR.  (*Id.* ¶¶ 49-50).  In his third claim for relief, Plaintiff alleges Defendants violated HBOR by noticing a trustee's sale while a modification decision was pending, and for failing to provide Plaintiff with a single point of contact.  (*Id.* ¶¶ 45-49).  In Plaintiff's fourth claim he requests injunctive and declaratory relief.

**Requests for Judicial Notice**

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016, n. 9 (9th Cir. 2012) (affirming decision to dismiss putative class where objector to Massachusetts's district court's certification of nationwide class and approval of settlement brought suit in California seeking damages based on same facts alleged in Massachusetts's action). The Court may, however, take judicial notice of matters of public record outside the pleadings that are not subject to reasonable dispute.  *Id.*; Fed. R. Evid. 201(b).

Residential filed a Request for Judicial Notice ("Residential RJN") and a Notice of Errata to Request for Judicial Notice with its Motion to Dismiss, asking the Court to take judicial notice of the Assignment of Deed of Trust recorded on March 18, 2014, as document number 20130318-00050232-0 in the Official Records of Ventura County; the Substitution of Trustee recorded on March 31, 2014 as document number

---

**CIVIL MINUTES—GENERAL**                                                                 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 14-9371-MWF(JCx)**                    **Date:  February 10, 2015**
**Title:**      Mohamed Rizk -*v*- Residential Credit Solutions, Inc. et al.

20140331-00039793-0 in the Official Records of Ventura; and the Notice of Default recorded on April 14, 2014 as document number 20140414-00046149-0 in the Official Records of Ventura County.  (Docket Nos. 8, 12). This request is unopposed.  The Request is **GRANTED**, and the Court takes judicial notice of the documents submitted by Residential because they are not subject to reasonable dispute and are the proper subjects of judicial notice.  See, e.g., *W. Fed. Sav. & Loan Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of documents in a county public record, including deeds of trust).

        BANA filed a Request for Judicial Notice ("BANA RJN") with its Motion to Dismiss, asking the Court to take judicial notice of the Deed of Trust dated February 20, 2007 and recorded in the official records of the Ventura County; the Assignment of Deed of Trust dated March 6, 2013 and recorded in the official records of the Ventura County; the Substitution of Trustee, dated march 25, 2014 and recorded in the official records of the Ventura County; the Notice of Default and Election to Sell Under Deed of Trust, dated April 9, 2014 and recorded in the official records of the Ventura County; and the Notice of Trustee Sale, dated July 29, 2014 and recorded in the official records of the Ventura County.  (Docket Nos. 10).  This request is unopposed.  The Request is **GRANTED**, and the Court takes judicial notice of the documents submitted by BANA because they are not subject to reasonable dispute and are the proper subjects of judicial notice.  *See, e.g.*, *Heflin Corp.*, 797 F. Supp. at 792.

        Plaintiff also filed a Request for Judicial Notice ("Plaintiff's RJN") with his Oppositions, asking the Court to take judicial notice of the Notice of Default and Intent to Accelerate sent by Residential to Plaintiff on November 6, 2013.  (Docket No. 17).  This request is unopposed.  The Request, however, is **DENIED**.  Such a document is not the proper subject of judicial notice.  Unlike the documents contained in Defendants' requests, which were recorded in the official records of the County of Ventura, this is only a document that Plaintiff claims he was sent by Residential.  As the Court explains below, however, the document does not signify what Plaintiff contends it does, and the Court's refusal to take judicial notice of it does not alter the Court's decision.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 14-9371-MWF(JCx) | Date:  February 10, 2015 |
| Title:     Mohamed Rizk -v- Residential Credit Solutions, Inc. et al. | |

**Motion to Dismiss**

In ruling on a motion under Federal Rule of Civil Procedure 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (citation omitted).  "All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff."  *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008) (holding that a plaintiff had plausibly stated that a label referring to a product containing no fruit juice as "fruit juice snacks" may be misleading to a reasonable consumer).  However, the Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ."  *Iqbal*, 556 U.S. at 678.  The Court, based on judicial experience and common-sense, must determine whether a complaint plausibly states a claim for relief.  *Id*. at 679.

    A.    **BANA's Motion to Dismiss**

In its Motion, BANA identifies a number of reasons why Plaintiff's Complaint fails to state a claim.  However, Plaintiff's claims fail against BANA for the simple reason that Plaintiff's claims are based on the servicing of his mortgage after BANA ceased to be the servicer.  Indeed, Plaintiff fails to allege any particular cognizable wrongs committed by BANA.

Plaintiff alleges that BANA violated RESPA by failing to respond to his QWRs.  (Complaint ¶¶ 35-40).  RESPA places certain obligations on servicers in responding to borrower inquiries. 12 U.S.C. § 2605(e). However, Plaintiff's first QWR was sent on June 10, 2014.  (Complaint ¶ 21).  BANA had ceased to be Plaintiff's servicer on March 15, 2013.  RESPA defines a servicer as "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." 12 U.S.C.A. § 2605(i)(2).  Servicing "means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 2609 of this title, and making the payments of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**   CV 14-9371-MWF(JCx)                    **Date:**  February 10, 2015
**Title:**       Mohamed Rizk -v- Residential Credit Solutions, Inc. et al.

principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

By the time Plaintiff sent his QWRs, BANA had transferred servicing to Residential and was not the servicer under RESPA. Accordingly, BANA had no obligation to respond to Plaintiff's QWRs and Plaintiff fails to allege a claim under RESPA against BANA. *Gonzalez v. First Franklin Loan Servs.*, No. 1:09-CV-00941 (AWI), 2010 WL 144862, at *12 (E.D. Cal. Jan. 11, 2010) ("under RESPA § 2605, only a loan servicer has a duty to respond to a borrower's inquiries").

Plaintiff argues in his Opposition that he does not claim that BANA transferred the servicing of the loan, but only that BANA "notified" him that the servicing was going to be transferred. The Court finds this argument to be implausible and entirely inconsistent with the rest of Plaintiff's Complaint. Plaintiff's Complaint is primarily a description of his dealings – in the servicing of his loan – with Residential, and he makes no allegations that BANA was at all involved in "receiving any scheduled periodic payments." *See* 12 U.S.C. § 2605(i)(3).

Similarly, Plaintiff fails to sufficiently allege his other claims against BANA. Plaintiff alleges two violations of HBOR: failure to assign a single point of contact, and foreclosure while a modification application is pending. Plaintiff fails to allege either that BANA failed to assign a single point of contact, or that he requested of BANA a single point of contact to trigger the requirement under California Civil Code section 2923.7(a).

Further, Plaintiff fails to allege any acts by BANA sufficient to establish an unlawful, unfair or deceptive practice by BANA for his UCL claim. The only allegations related to BANA, aside from the RESPA claims disposed of above, are that it promised him that decision on his modification was forthcoming shortly, but that the servicing responsibility was transferred to Residential before the decision was made. (Complaint ¶ 14). While this may have been frustrating to Plaintiff, he fails to allege any claim for relief as to BANA arising from these acts. Indeed, Plaintiff fails to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 14-9371-MWF(JCx)               Date:  February 10, 2015
Title:     Mohamed Rizk -v- Residential Credit Solutions, Inc. et al.

allege how BANA has any connection with his continued difficulties with his mortgage.

As a result, Plaintiff's fourth claim for declaratory and injunctive relief must also fail.  *City of Cotati v. Cashman*, 29 Cal. 4th 69, 80, 124 Cal. Rptr. 2d 519 (2002) ("an actual, present controversy must be pleaded specifically and the facts of the respective claims concerning the [underlying] subject must be given.") (citing to 5 B.E. Witkin, *California Procedure*, Pleading § 817 (4th ed. 1997)).  Similarly, because Plaintiff fails to allege any wrongdoing by BANA, or indeed any continued connection between BANA and himself, Plaintiff's claim for injunctive relief fails.

Accordingly, the Court **GRANTS** BANA's Motion.  Because the Court does not believe Plaintiff could plead any actionable claims that arise from any actions taken prior to Residential becoming his servicer, the motion is granted ***with prejudice***.

### B.     Residential's Motion to Dismiss

Residential seeks to dismiss Plaintiff's second, third and fourth claims for relief, for violations of the UCL, HBOR and for injunctive and declaratory relief.  Residential does not attack Plaintiff's RESPA claim.

#### 1.  UCL Claim Against Residential

Residential argues that Plaintiff's UCL claim fails because (1) he fails to sufficiently allege which conduct was undertaken by which of the two Defendants; (2) Plaintiff fails to sufficiently allege any actual "unfair practice;" (3) Plaintiff's allegations as to Residential's unlawful, fraudulent, and unfair business acts or practices are "vague and conclusory;" and finally, (4) Plaintiff fails to allege any pecuniary damage he suffered as a result of Residential's acts.

The UCL is a broad statutory scheme for protecting consumers and promoting competition.  It is "not confined to anticompetitive business practices, but is also directed toward the public's right to protection from fraud, deceit, and unlawful

---

**CIVIL MINUTES—GENERAL**                                                            8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 14-9371-MWF(JCx)                    Date:  February 10, 2015
Title:     Mohamed Rizk -v- Residential Credit Solutions, Inc. et al.

conduct." *Hewlett v. Squaw Valley Ski Corp.*, 54 Cal. App. 4th 499, 519–520, 63 Cal. Rptr. 2d 118 (1997) (holding that multiple violations of a conditional use permit and a restraining order by removing trees from a ski resort can form the predicate for an unlawful business practice). The statutory language referring to "any unlawful, unfair or fraudulent" practice makes clear that a practice may be deemed unfair even if not specifically proscribed by some other law.  *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180, 83 Cal. Rptr. 2d 548 (1999) (holding that, in competitor cases, allegations of unfair business practices must be tethered to antitrust legislation and policy). The California Supreme Court has held that "[t]he UCL's purpose is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services."  *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 949, 119 Cal. Rptr. 2d 296 (2002), as modified (May 22, 2002) (citing *Barquis v. Merchants Collection Ass'n*, 7 Cal. 3d 94, 110, 101 Cal. Rptr. 745 (1972)).

    First, Residential does not challenge Plaintiff's allegations that it violated RESPA.  The UCL's bar on unlawful business activity is broad and "includes anything that can properly be called a business practice and that at the same time is forbidden by law." *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383, 6 Cal. Rptr. 2d 487 (1992) (holding that UCL does not preclude a court from exercising discretion under the primary jurisdiction doctrine before entertaining a civil action when action is brought related to administrative proceedings before the Insurance Commissioner). Residential's violations of RESPA as alleged by Plaintiff are sufficient to allege an unlawful act by Residential within the meaning of the UCL. *See, e.g., Rubio v. Capital One Bank* 613 F3d 1195, 1204 (9th Cir. 2010) ("By properly alleging a [Federal Truth in Lending Act] violation, [Plaintiff] has also alleged a UCL violation under the prong of the UCL that prohibits 'unlawful' business acts or practices").

    Residential contends that Plaintiff fails to allege facts with "***reasonable particularity***" as required by California law.  (Reply at 2) (citing to *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619, 17 Cal. Rptr. 2d 708 (1993) (emphasis in Reply, but not in original).  The Court is unpersuaded by Residential's arguments.  Despite being a claim for relief based on California law, the pleading standard applied by a federal court is the federal standard.  *Erie Railroad Co. v. Tompkins*, 304 U.S. 64

---

**CIVIL MINUTES—GENERAL**                                                              9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV 14-9371-MWF(JCx)                    Date:  February 10, 2015
Title:      Mohamed Rizk -v- Residential Credit Solutions, Inc. et al.

(1938).  In the absence of claims for fraud, the Federal Rules of Civil Procedure only require "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. Proc. 8(a)(2); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) ("Rule 8 requires that a "complaint must say enough to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests").

Regardless of the standard applied, Plaintiff clearly alleges the bases for his RESPA claim against Residential specifically and, by reference, his UCL claim against Residential.  Plaintiff alleges that he sent multiple QWRs to BANA and Residential.  He then alleges that, in violation of RESPA, BANA and Residential did not confirm receipt of the QWRs and did not respond to the QWRs.  That Plaintiff refers to "Defendants" rather than "BANA and Residential" in alleging their failure to respond does not impermissibly lump Defendants' alleged acts together.  It is quite clear from Plaintiff's Complaint what Residential did, or more importantly, failed to do: Residential failed respond to Plaintiff's numerous QWRs as it was required to do by RESPA, and violated the UCL by engaging in a business act that was unlawful.  *See Tellabs, Inc.* 551 U.S. at 318. (explaining that Rule 8(a)(2) requires a pleading consist of a short and plain statement of the claim showing that the pleader is entitled to relief is so that opponents are given fair notice of the claims and the grounds upon which it rests.)

It is true that in his UCL claim Plaintiff alleges that "Defendants" engaged in a series of seven acts, including failure to comply with RESPA in a number of ways.  However, such allegations are clearly sufficient to put Residential on notice as to what acts Plaintiff bases his claims given the clarity of his allegations elsewhere in the Complaint.  Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Plaintiff has provided that.

Further, as explained below, Plaintiff also adequately alleges violations of HBOR against Residential, which serve as a further basis for Plaintiff's UCL claim for unlawful business practices.

---

**CIVIL MINUTES—GENERAL**                                              10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 14-9371-MWF(JCx) | **Date:** February 10, 2015 |
| **Title:** Mohamed Rizk -*v*- Residential Credit Solutions, Inc. et al. | |

Residential further argues that Plaintiff lacks standing to sue under the UCL because he has not alleged that he (1) suffered injury in fact, and (2) lost money or property as a result of the actions he challenges. Cal. Bus. & Prof. Code § 17204; *Hardwood v. Bank of Am.*, 10-CV-02450, 2010 WL 5287539 at *3 (E.D. Cal. Dec. 17, 2010) (dismissing UCL claim for lack of standing where only loss suffered was amount paid by borrowers in monthly payments owed under the note). This requirement was implemented by California voters through Proposition 64 to remove standing for private litigants acting for the interest of the general public. "The intent of this change was to confine standing to those actually injured by a defendant's business practices and to curtail the prior practice of filing suits on behalf of clients who have not used the defendant's product or service, viewed the defendant's advertising, or had any other business dealing with the defendant . . . ." *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 321, 120 Cal. Rptr. 3d 741 (2011). The California Supreme Court has also been careful to explain that Proposition 64 "plainly preserved standing for those who had had business dealings with a defendant and had lost money or property as a result of the defendant's unfair business practices." *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 788, 111 Cal. Rptr. 3d 666 (2010) (holding that pharmacies satisfied standing requirements under UCL through indirect business dealings with drug manufacturers that cost them money through overcharges).

Courts have interpreted the requirement to plead actual damages "liberally." *Pendleton v. Wells Fargo Bank, N.A.*, 993 F. Supp. 2d 1150, 1153 (C.D. Cal. 2013) (holding that Plaintiff adequately alleged pecuniary loss under RESPA where he alleged overpayment of interest, costs of repairing credit and reduction in credit limits). Plaintiff alleges that he suffered damages in the form of overpayment of interest on his mortgage, reduction in credit limits, increased credit card rates, rejection of car loan and credit card applications, and attorney's fees in attempting to obtain a modification and responses to his QWRs. (Complaint ¶¶ 43, 44, 51). Such allegations are sufficient to state pecuniary damages stemming from Residential's violations of RESPA and HBOR. *See Pendleton*, 993 F. Supp. 2d at 1153.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 14-9371-MWF(JCx)                    Date:  February 10, 2015
Title:     Mohamed Rizk -v- Residential Credit Solutions, Inc. et al.

Accordingly, the Court **DENIES** Residential's Motion as to Plaintiff's UCL claim.

### 2. Plaintiff's Claims under HBOR

Residential challenges both of Plaintiff's allegations as to its violations of HBOR. Plaintiff alleges that Residential engaged in dual-tracking, or proceeding with a foreclosure while Plaintiff had an active loan modification application under consideration in violation of section 2923.6. Plaintiff also alleges that Residential failed to provide a single-point of contact as required by section 2923.7.

#### a. *Failure to Appoint a Single Point of Contact*

First, Plaintiff fails to state a claim under section 2923.7. Section 2923.7 provides that "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." Plaintiff does not allege in his Complaint that he requested a single point of contact as required for Residential's obligation under section 2923.7 to arise. Therefore, Plaintiff's HBOR claim under section 2923.7 fails.

#### b. *Dual-Tracking in Violation of Section 2923.6*

Residential objects to Plaintiff's allegations of dual-tracking in violation of section 2923.6 for three reasons. First, in Plaintiff's first alleged instance of dual-tracking, in November 2013, Residential did not record a Notice of Default and so cannot have violated the statute. Second, Plaintiff fails to allege that he filed a "complete application" and Residential's denial of his application defeats his claim because Plaintiff does not have a right to a modification. Third, Plaintiff fails to allege a "material" violation of HBOR to support is claims.

Plaintiff argues that Residential initiated action against him on November 6, 2013 while he had a complete modification application pending with Residential.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 14-9371-MWF(JCx)          **Date:** February 10, 2015

**Title:**     Mohamed Rizk -*v*- Residential Credit Solutions, Inc. et al.

Further, the violations alleged in his Complaint go to the very purpose of HBOR's protection and so are sufficient.

    Section 2923.6 provides, in part:

c) If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:

   1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.

   2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.

   3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

d) If the borrower's application for a first lien loan modification is denied, the borrower shall have at least 30 days from the date of the written denial to appeal the denial and to provide evidence that the mortgage servicer's determination was in error

e) If the borrower's application for a first lien loan modification is denied, the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or, if a notice of default has already been recorded, record a notice of sale or conduct a trustee's sale until the later of:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 14-9371-MWF(JCx) | **Date:** February 10, 2015 |
| **Title:** Mohamed Rizk -*v*- Residential Credit Solutions, Inc. et al. | |

1) Thirty-one days after the borrower is notified in writing of the denial.

2) If the borrower appeals the denial pursuant to subdivision (d), the later of 15 days after the denial of the appeal or 14 days after a first lien loan modification is offered after appeal but declined by the borrower, or, if a first lien loan modification is offered and accepted after appeal, the date on which the borrower fails to timely submit the first payment or otherwise breaches the terms of the offer.

As to Plaintiff's first alleged incident of dual-tracking, Plaintiff fails to state a claim for relief because Residential did not record a notice of default, a notice of sale, or conduct a trustee's sale. Section 2923.6(c) only bars a servicer from *recording* a notice of default. Plaintiff argues that Residential "initiated proceedings against Plaintiff on November 6, 2013." (Residential Opp. at 5). In support Plaintiff cites to the exhibit attached to his Request for Judicial Notice. The document however, is only a letter notifying Plaintiff of his default and not a recording of a notice of default. Indeed, the document also outlines ways in which Plaintiff may seek relief or assistance in dealing with his mortgage, such as through applying for a modification. Merely notifying a borrower that they are in default, typically a requirement to qualifying for a modification, is not the same as recording a notice of default or proceeding with a trustee's sale as prohibited by HBOR.

Plaintiff's second alleged incident of dual-tracking appears to have occurred in early 2014. Having been granted a modification based on both his and his wife's income, Plaintiff allegedly declined the offer and re-applied for a loan modification on Residential's instruction on November 11, 2013. This application was rejected on January 5, 2014. Plaintiff appealed the decision on January 23, 2014. (Complaint ¶¶ 17-18). Plaintiff did not receive a response to his appeal. (*Id*. ¶ 18). In February 2014, he was again told to reapply and did so. Residential denied this application on May 20, 2014 and Plaintiff again appealed the decision on July 10 or 12, 2014. (Complaint ¶¶, 18-20, 47). Residential then told Plaintiff to reapply for a modification on August 6, 2014.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 14-9371-MWF(JCx)                    Date:  February 10, 2015
Title:     Mohamed Rizk -v- Residential Credit Solutions, Inc. et al.

In the meantime however, Residential recorded a Notice of Default in the Official Records of Ventura County on April 14, 2014 (the "April NOD"), while Plaintiff's February loan modification decision was pending.  (Residential Reply at 6; Residential RJN, Ex. 4).  Plaintiff does not refer to the April NOD in his Complaint.  Therefore, as Plaintiff's Complaint currently stands, he does not state a claim for relief based on Residential's recording the April NOD while his appeal was pending.

However, Plaintiff does allege that Residential caused a Notice of Trustee's Sale dated July 29, 2014, to be recorded on July 30, 2014, in the Official Records of Ventura County.  (Complaint ¶ 23; BANA RJN, Ex. 5).  Residential argues that this Notice was recorded after Plaintiff's August loan modification application and so could not be a violation of HBOR.  Further, Plaintiff fails to allege that he submitted a "complete" application.

Residential seeks to have the Complaint dismissed by picking and choosing which of Plaintiff's alleged numerous loan modification applications should be considered, when it was Residential's alleged failure to respond to Plaintiff's appeals, and instructions to Plaintiff to file further applications, that created this panoply of loan modification applications.

To reiterate, Plaintiff clearly alleges he filed an application for a loan modification at Residential's instruction in September 2013 so that he could be properly assessed without his former wife's income considered.  (Complaint ¶ 16).  This application was rejected by Residential in early January and appealed by Plaintiff within the time allowed by HBOR.  (*Id*. ¶ 18).  Plaintiff alleges that Residential has yet to give Plaintiff a decision on the appeal.  This alone bars Residential from recording a Notice of Default or a Notice of Trustee's Sale.  *See* Cal. Civ. Code 2923.6(e) ("If the borrower's application for a first lien loan modification is denied, the mortgage servicer . . . shall not record a notice of default or, if a notice of default has already been recorded, record a notice of sale or conduct a trustee's sale until . . . If the borrower appeals the denial pursuant to subdivision (d), the later of 15 days after the denial of the appeal").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 14-9371-MWF(JCx)					Date:  February 10, 2015
Title:	Mohamed Rizk -v- Residential Credit Solutions, Inc. et al.

Further, Plaintiff was told in February that because his divorce constituted a material change in his circumstances, he should apply again for a loan modification. (Complaint ¶ 18).  This application was declined on May 20, but was timely appealed by Plaintiff on June 10 or June 12. (*Id*. ¶ 19, 47).  Again no decision on the appeal was provided, although Plaintiff was told to reapply once again in early August. (*Id*. ¶ 24). These allegations clearly establish that Plaintiff had a timely appeal of a first lien modification pending while Residential recorded both a Notice of Default and a Notice of Trustee's Sale in violation of HBOR section 2923.6.  Indeed, Plaintiff alleges he had two appeals outstanding when Residential recorded the Notice of Trustee Sale.

The Court also does not accept Residential's argument that the "little information with regard to Plaintiff's alleged appeal" is insufficient. The Court must take as true allegations made by Plaintiff when considering a motion to dismiss. Residential does not explain what further information Plaintiff needs to allege regarding his appeals to satisfy the requirements of Rule 8, and in reviewing section 2923.6(d)-(e) the Court sees none.

The Court is also unclear as to Residential's argument that Plaintiff fails to allege that he filed a "complete" application. (Residential Motion at 9).  Section 2923.6 does require the submission of a "complete" application to trigger the duty not to proceed with a foreclosure.  However, Plaintiff alleges that Residential repeatedly requested that Plaintiff reapply.  And Residential made decisions as to Plaintiff's applications based on their contents, not their incompleteness.  Together these suggest that Plaintiff did submit "complete" applications, and Residential's argument is one of extreme technicality that is not consistent with the liberal pleading standards of the Federal Rules of Civil Procedure.

Residential also argues that Plaintiff fails to allege a "material" violation of HBOR and may not collect damages.  Section 2924.12(a)(1) provides that "[i]f a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17."  However, "[a]fter a trustee's deed upon sale has been recorded a mortgage servicer . . . shall be liable to a borrower for actual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 14-9371-MWF(JCx)			Date:  February 10, 2015
Title:	Mohamed Rizk -v- Residential Credit Solutions, Inc. et al.

economic damages" resulting from a "material violation of Section . . . 2923.6, [or] 2923.7" if such violation is not corrected before the recordation of the trustee's deed upon sale.  Cal. Civ. Code § 2924.12(b).

As the parties note, there is no definition of "material violation" in the statute. Plaintiff does not have a claim for damages because a trustee's deed upon sale has not been recorded.  Therefore, Plaintiff's remedies under HBOR are limited to injunctive relief. The question is whether the violation is "material" and so any relief, and injunctive relief in this instance, is available.  The Court determines that recording of a Notice of Default and recording a Notice of Trustee's Sale are material violations. They are the very essence of the statute and failure to abide by the straightforward language of the statute is a material violation.  Further, the statute does not require that Plaintiff allege he suffered economic damages in order to obtain injunctive relief.  *See e.g.*, *Hernandez v. Specialized Loan Servicing,* LLC, No. CV 14-9404-GW JEMX, 2015 WL 350223, at *5 (C.D. Cal. Jan. 22, 2015) (Plaintiff "need not have suffered an economic loss to bring her § 2923.7 claim; she can seek injunctive relief").

Accordingly, the Court **GRANTS** Residential Motion as to Plaintiff's claim under 2923.7 *with leave to amend* and **DENIES** Residential's Motion as to Plaintiff's claim under 2923.6.

C.	**Plaintiff's Request for Attorney's Fees**

Residential also seeks to dismiss Plaintiff's request for attorney's fees.  HBOR section 2924.12(i) provides that: "A court may award a prevailing borrower reasonable attorney's fees and costs in an action brought pursuant to this section. A borrower shall be deemed to have prevailed for purposes of this subdivision if the borrower obtained injunctive relief or was awarded damages pursuant to this section."  In light of the foregoing, Plaintiff has adequately pleaded a violation of HBOR, which provides for injunctive relief under section 2924.12.  Therefore, Plaintiff has adequately stated a claim that supports an award of attorney's fees under section 2924.12(i).

---

**CIVIL MINUTES—GENERAL**				17

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 14-9371-MWF(JCx)                    Date:  February 10, 2015
Title:    Mohamed Rizk -v- Residential Credit Solutions, Inc. et al.

**Conclusion**

As explained above the Court **GRANTS** BANA's Motion.  Because the Court determines that amendment would be futile, it does so *without leave to amend*.  The Court **GRANTS** Residential's Motion as to Plaintiff's HBOR claim under section 2923.7 *with leave to amend*, but **DENIES** Residential's Motion as to Plaintiff's claim under 2923.6, and as to Plaintiff's UCL claim.

Plaintiff may file an amended complaint or proceed only on his remaining claims.  Plaintiff shall file his first amended complaint, or notify the Court and Residential of his intent to proceed on his remaining claims by **February 23, 2015**.  Residential's response shall be filed within 14 days of Plaintiffs either filing a First Amended Complaint or notifying it of his intention to proceed on his remaining claims.

IT IS SO ORDERED.